**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BENNY MOORE,

     Plaintiff-Appellant,

v.

UNIFIED SCHOOL DISTRICT 443,
Dodge City Public Schools,

     Defendant-Appellee.

No. 02-3367
(D.C. No. 01-CV-1053-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Benny Moore, appearing pro se,[1] appeals the district court's grant of summary judgment in favor of defendant Unified School District 443 (school district), on his employment discrimination claim. Because plaintiff did not raise a genuine issue of fact as to whether the school district's proffered reasons for its decision were actually pretexts for race discrimination, we affirm.

Plaintiff, an African-American, was employed as a basketball coach by the school district, on year-to-year contracts, from 1991 until the end of the 1999-2000 school year. During this time, he was not a certified teacher. Plaintiff coached the sophomore boys' basketball team for one year, the freshman boys' basketball team for four years, and the girls' high school varsity team for his last four years.

The school district's high school athletic programs were governed by rules promulgated by the Kansas State High School Activities Association (KSHSAA). One of these rules stated that certified teachers were eligible to coach activities under the jurisdiction of the KSHSAA. *See* R. I, doc. 40, KSHSAA Handbook, Rule 10, Art. 1. The rule authorized schools to obtain permission from the KSHSAA Executive Board to hire a non-certified coach, upon the school's verification that it needed to do so and that the position was required to maintain a program or to ensure safety. *Id.*, Art. 3. Plaintiff's contract was renewed yearly

---

[1]     Plaintiff was represented by counsel in the district court.

based on this provision. In March 2000, plaintiff was informed that his contract would not be renewed.

Plaintiff filed discrimination charges with state and federal agencies, and received a right-to-sue letter. In February 2001, he brought suit against the school district. After numerous discovery disputes and additional time given to plaintiff after he missed the summary judgment deadline, the district court granted summary judgment in favor of the school district. The district court held that plaintiff's pretext evidence did not raise a genuine issue of fact regarding the school district's motivation for deciding not to renew his contract.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether the moving party is entitled to summary judgment, we must view the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor. *Kendrick*, 220 F.3d at 1225.

The record evidence shows that two people were involved in the decision not to renew plaintiff's contract, and that each had slightly different motivations for replacing plaintiff with a certified coach. The high school principal testified that he understood the regulations to require certified coaches whenever possible; that he strongly believed that a high school head coach should be a certified teacher working at the school; and that based on the number of teacher openings for the following year he was sure he could find an applicant qualified to coach the girls' varsity basketball team. *See* R. I, doc. 40, Jay Smith Affidavit. The athletic director agreed with this motivation, but also testified that plaintiff's failure to work at the school caused communication and control problems with the team, and that when she spoke with him about some of the problems he informed her that she should speak to the team because they would not listen to him. *Id.*, doc. 44, Tami Preston Deposition at 24-25.

Plaintiff argues that he raised a triable issue regarding the school district's true motivation by showing that the school district renewed the contracts of white uncertified coaches but did not renew his contract. While pretext may be shown by demonstrating that plaintiff, as an African-American, was treated differently than similarly-situated white coaches, plaintiff's evidence did not rise to this level. *See Watts v. City of Norman*, 270 F.3d 1288, 1293-94 (10th Cir. 2001)

(affirming summary judgment when plaintiff failed to present evidence that he was similarly situated to other employees), *cert. denied*, 535 U.S. 1055 (2002).

"The burden is on the plaintiff to demonstrate he is similarly situated to the employees to whom he is comparing himself." *Kelley v. Goodyear Tire & Rubber Co.*, 220 F.3d 1174, 1178 (10th Cir. 2000). Here, plaintiff failed to identify similarly situated coaches of other races who were treated differently from him. His summary judgment evidence showed that there were "probably" two other non-certified coaches at the high school when his contract was not renewed: a cross-country running coach and a girls' tennis coach. R. I, doc. 44, Tami Preston Deposition at 23. His evidence did not show, however, the races of these coaches; whether they were head coaches; whether they coached varsity teams; whether they coached sports that many certified teachers were qualified to coach; or whether they were having similar trouble controlling their team members. Absent this type of evidence, we cannot assume that the school district's real reason for not renewing plaintiff's contract was his race. Because plaintiff did not meet his evidentiary burden, the district court properly granted summary judgment in favor of the school district.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge